UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION


INKGRAPH TECHNO, LLC,

          Plaintiff,

v.                                     Case No.  8:20-cv-2554-SCB- JSS

SUNIL TRIPATHY, ET AL,,

          Defendants.
_____/

## **ORDER**

       This cause comes before the Court on Defendants Highstyle Mod, LLC and

Peter Covino's Motion to Dismiss.  (Doc. No. 25).  Plaintiff opposes the motion.

(Doc. No. 30).  As explained below, the motion is granted, but Plaintiff will be

given leave to amend.[1]

## **I.  Background**

       Plaintiff Inkgraph Techno, LLC (a company with its principal place of

business in Florida) alleges the following in its complaint (Doc. No. 1): Plaintiff

entered into an agreement with Defendant Rope Media, LLC ("Rope").  Pursuant

to the agreement, Plaintiff agreed to provide payment processing services for Rope.

It is unclear exactly what business Rope is in, but in its agreement with Plaintiff,

---

[1] Defendants also seeks leave to file a reply (Doc. No. 31), but the Court finds that a reply is not
necessary.

Rope agreed not to lie to its customers or make false affiliation claims with

Microsoft.[2]   Additionally, Rope agreed to indemnify Plaintiff for damages relating

to Rope's misconduct, and Rope's principal, Defendant Sunil Tripathy, personally

guaranteed Rope's financial obligations to Plaintiff.

Thereafter, Plaintiff alleges the following conduct by Rope, Tripathy,

Defendant Dandy Solutions, LLC ("Dandy"), Defendant Daniel Downs, Defendant

Highstyle Mod, LLC ("Highstyle"), and Peter Covino:

> 30. In direct violation of the Agreement, Rope, with the assistance of Dandy, Downs, Highstyle and Covino, ran advertisements for [technical support services] that were false, misleading, and claimed a false affiliation with Microsoft.
> \*     \*     \*
> 32. By running fake advertisements, Rope generated fraudulent sales.
> 33. To run its advertisements[,] Rope contracted and conspired with Dandy, Downs, Highstyle and Covino.
> 34. By working through Dandy, Downs, Highstyle and Covino[,] Rope was able to perpetrate the fraudulent sales to a larger audience and to go undetected for a longer period of time.

---

[2] It is unclear whether Rope simply agreed to pay Plaintiff a fee for its payment processing services, or if Rope also agreed to provide services to Plaintiff.  In the complaint, Plaintiff alleges that Plaintiff "agreed to provide certain sales and fulfillment services for technical support services." (Doc. No. 1, ¶ 16).  It is not clear whether Plaintiff is alleging that it agreed to provide payment processing services in exchange for technical support services from Rope, or if Plaintiff is alleging that it agreed to provide payment processing services to Rope in connection with Rope's provision of technical support services to others.  Additionally, in a supplemental filing, Plaintiff's manager states: (1) Plaintiff contracted with Rope "for Rope to provide certain technical services, including providing leads and other advertisements for customers;" and (2) Rope "also could act as an agent to assist its customers to upload information necessary for that entity to process credit card information and receive other merchanting services through" Plaintiff.  (Doc. No. 30-1, ¶ 3, 4).

>   35. Eventually Visa learned of Defendants['] wrongful
>   conduct and fined [Plaintiff] tens of thousands of dollars.

(Doc. No. 1, ¶ 30, 32-35).  Plaintiff gives no further specific detail about Dandy,

Downs, Highstyle, and Covino or their specific conduct at issue, other than

allegations regarding their citizenship.  (Doc. No. 1, ¶ 6-11).

Plaintiff asserts five claims in its complaint.  The first two claims are

asserted against Rope and Tripathy: Count I - breach of contract and Count II -

breach of the duty of good faith and fair dealing.  The remaining three claims are

asserted against all six Defendants: Count III - violation of Florida's Deceptive and

Unfair Trade Practices Act ("FDUTPA"),[3] Count IV -  civil conspiracy, and Count

V – unjust enrichment.

In order to support its claims for civil conspiracy, violation of FDUTPA, and

unjust enrichment, Plaintiff asserts the following conclusory allegations, in which

it lumps the conduct of all of the defendants together, rather than alleging the

specific acts of each defendant:  Plaintiff provided Defendants with access to

payment processing services.  "Each of the Defendants made an agreement

together to run advertisements for [technical support services] that were false,

misleading, and claimed a false affiliation with Microsoft." (Doc. No. 1, ¶ 62).

"Customers were led to believe [their] computers were infected by malware and

---

[3] Plaintiff does not specifically cite to Florida's Deceptive and Unfair Trade Practices Act, but it appears that it is asserting its claim under that statute.

that Defendants were affiliated with Microsoft," and Defendants did this in order to

"mak[e] improper sales." (Doc. No. 1, ¶ 55, 63).

## II.  Motion to Dismiss

Highstyle and Covino (the "Highstyle Defendants") filed the instant motion

to dismiss Plaintiff's claims against them in Counts III - V.  They base their motion

on lack of personal jurisdiction and failure to state a claim.  Plaintiff contends that

the Court has personal jurisdiction over the Highstyle Defendants because: (1)

tortious acts were committed in this state, and (2) the Highstyle Defendants are

alleged to have conspired with the other defendants to commit the tortious acts.

See Wilcox v. Stout, 637 So. 2d 335, 337 (Fla. 2d DCA 1994)(stating that if the

plaintiff successfully alleges a cause of action for conspiracy and successfully

alleges that a member of the conspiracy committed a tortious act in Florida in

furtherance of the conspiracy, then all of the conspirators are subject to the

jurisdiction of Florida).

The flaw in Plaintiff's argument, however, is that its complaint is a shotgun

pleading with respect to the Highstyle Defendants, as well as Dandy and Downs.

All of the allegations against these four defendants are lumped together in a

conclusory fashion and fail to put them on notice of the specific acts that they are

alleged to have committed.  In its response brief and exhibit, Plaintiff sets forth

additional factual allegations as to these defendants, but those allegations are not

contained within the complaint and cannot be considered when evaluating the

sufficiency of the complaint.  Accordingly, the Court finds that Counts III – V are

a shotgun pleading, and as such, those claims are dismissed without prejudice as to

all of the defendants.[4]  To that extent, the Highstyle Defendants' motion is granted.

However, the Court will grant Plaintiff leave to amend (and the leave extends to

the entire complaint, not simply Counts III – V).

### III.  Leave to Amend

While the Court cannot consider the allegations contained in Plaintiff's

response brief and exhibit when evaluating the sufficiency of Plaintiff's complaint,

the Court makes the following comments to aid Plaintiff in amending the

complaint.  The additional allegations contained in Plaintiff's response brief and

exhibit still leave open questions.  For example, in its response brief, Plaintiff

alleges that "[w]eb traffic was pushed to [websites associated with Highstyle and

Dandy] inappropriately with unauthorized and illegal ads referencing Microsoft

and demanded immediate action by consumers" and that "[t]hese improper

advertisement [sic] were connected to the websites" associated with Highstyle and

Dandy.  (Doc. No. 30, p. 7).  As these allegations are written in passive voice,

Plaintiff does not directly state which, if any, of the defendants pushed web traffic

to those websites (or how web traffic was pushed) and/or which, if any, of the

---

[4] The Court makes no finding as to the sufficiency of Counts I and II.

5

defendants created the ads and/or which, if any, of the defendants demanded

immediate action by consumers.  Stated differently, it is unclear what each

defendant's role in the conspiracy was and how each defendant benefited from the

conspiracy.[5]

The Court notes that Plaintiff attaches to the complaint what it purports to

be a copy of Rope's "fake advertisement."  (Doc. No. 1, ¶ 31; Doc. No. 1-2).  The

exhibit shows a webpage containing a "VIRUS ALERT FROM MICROSOFT"

and a "Windows Support Alert."  (Doc. No. 1-2).  The webpage also lists a phone

number to call "Microsoft Security."  (Doc. No. 1-2).  Plaintiff fails to explain how

the webpage is connected to Rope or any of the other defendants (as the web

address does not show a connection), nor does Plaintiff connect the phone number

to any of the defendants.  Plaintiff also fails to explain why the webpage is

considered an advertisement and/or how any of the defendants were able to get

potential customers to see this "advertisement."[6]

---

[5] For example, Plaintiff states that the Highstyle Defendants "assisted in running advertisements
that were false and misleading," but Plaintiff fails to explain what "assisted in running
advertisements" means.  (Doc. No. 30, p. 8).  Likewise, in the "Factual Allegations" section of
the complaint, Plaintiff alleges that Rope generated fraudulent sales.  (Doc. No. 1, ¶ 32).
However, later in the complaint within the unjust enrichment claim, Plaintiff alleges that it
provided "defendants" with payment processing services.  (Doc. No. 1, ¶ 68).  Thus, it is unclear
whether Dandy and Highstyle, in addition to Rope, offered services based on the ads that
generated payments to all three companies that were processed by Plaintiff or whether Dandy
and Highstyle simply aided Rope in making false advertisements that resulted in payments to
Rope that were processed by Plaintiff.
[6] Stated differently, it is unclear as to how customers accessed the website containing the
"advertisement;" *i.e.,* was there some other internet hyperlink that a person clicked on that
brought the person to this webpage.

## III.  Conclusion

Thus, as explained above, Counts III – V of the complaint are a shotgun

pleading.  Accordingly, it is ORDERED AND ADJUDGED that:

(1)     The Highstyle Defendants' Motion to for Leave to Reply (Doc. No.

31) is **DENIED**.

(2)     The Highstyle Defendants' Motion to Dismiss (Doc. No. 25) is

**GRANTED** to the extent that Plaintiff's claims in Counts III - V are dismissed

without prejudice as to all of the defendants.

(3)     Plaintiff is granted leave to file an amended complaint by *February*

*18, 2021.*

DONE AND ORDERED at Tampa, Florida, this 4th day of February, 2021.

SUSAN C. BUCKLEW
United States District Judge

Copies to:
Counsel of Record