UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

INKGRAPH TECHNO, LLC,

    Plaintiff,

v.                                           Case No.  8:20-cv-2554-SCB- JSS

SUNIL TRIPATHY, ET AL,

    Defendants.
_____/

## **ORDER**

This cause comes before the Court on Plaintiff's Motion for Alternative Service of Process on Sunil Tripathy.  (Doc. No. 36).  As explained below, the motion is denied.

Plaintiff filed suit against several defendants, including Defendant Sunil Tripathy, on October 30, 2020.  Plaintiff has tried to serve Tripathy, but it now believes that Tripathy may be residing or working in India.  As a result, Plaintiff asks the Court to allow it to serve Tripathy via alternative methods, pursuant to Federal Rule of Civil Procedure 4(f)(3), rather than by personal service.

Rule 4 provides the following, in relevant part:

> Unless federal law provides otherwise, an individual . . . may be served at a place not within any judicial district of the United States:
> (1) by any internationally agreed means of service that is reasonably calculated to give notice, such as those

> authorized by the Hague Convention on the Service Abroad of Judicial and Extrajudicial Documents; [or]
>
> \* \* \*
>
> (3) by other means not prohibited by international agreement, as the court orders.

Fed. R. Civ. P. 4. The decision to approve service by alternative means lies within the Court's discretion. See Berluti SA v. BerlutiShoeOutlet.com, 2020 WL 6078055, at *1 (S.D. Fla. April 9, 2020).

India is a member of the Hague Convention, and as such, Plaintiff can serve Tripathy in India pursuant to the means provided by the Hague Convention, or Plaintiff can serve him by other means that are not prohibited by the Hague Convention if the Court approves such means. Plaintiff is requesting that the Court approve alternative means of service consisting of emailing Tripathy at three email addresses, mailing Tripathy at a possible work address in India, and posting a message to Tripathy's LinkedIn contact link.

The Court acknowledges that the Hague Convention does not prohibit email and web publication as a means of service, nor has India specifically objected to those methods. See id. However, India has objected to service by mail, see id. at n.1, and as such, that method cannot be approved by this Court, see In re Bitconnect Securities Litigation, 2020 WL 3496331, at *2 (S.D. Fla. Jan. 9, 2020).

While other courts have approved email and web publication as a means of service, see Kipu v. Zencharts, LLC, 2018 WL 8264634 (S.D. Fla. Mar. 29, 2018),

this Court has some concerns with those methods. Specifically, those methods do not necessarily provide evidence that the recipient actually received notice of the lawsuit. If the recipient responds to the email or LinkedIn message, that could be proof of actual notice, but there is no guarantee that the recipient will do so. Therefore, the Court believes that the better practice for ensuring notice in this case is to serve Tripathy in accordance with the means set forth in the Hague Convention. The Court is mindful that this may be a timely process, and as such, Plaintiff is directed to file a status report every 30 days regarding its efforts to serve Tripathy until it files proper proof of service. If Plaintiff does not begin the process of serving Tripathy within thirty days and so report its efforts within its first status report, the Court will dismiss Plaintiff's claims against Tripathy for failure to prosecute.

Accordingly, it is ORDERED AND ADJUDGED that Plaintiff's Motion for Alternative Service of Process on Sunil Tripathy (Doc. No. 36) is **DENIED**. Plaintiff is directed to file a status report every thirty days regarding its efforts to serve Tripathy until it files proper proof of service.

DONE AND ORDERED at Tampa, Florida, this 8th day of February, 2021.

Susan C. Bucklew
SUSAN C. BUCKLEW
United States District Judge

Copies to:
Counsel of Record